UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:15-CR-172 |
| v. ) | |
| ) | 18 U.S.C. § 2251(a) and (e) |
| ) | Conspiracy to Produce Child Pornography |
| ANTHONY R. EVANS, ) | (Count 1) |
| JAMES E. HANCOCK, ) | |
| BRIAN K. HENDRIX, ) | 18 U.S.C. § 2252(a)(2) and (b)(1) |
| STEPHEN R. FUNK, and ) | Conspiracy to Distribute and Receive Child |
| KARLO HITOSIS, ) | Pornography |
| ) | (Count 2) |
| Defendants ) | |
| ) | 18 U.S.C. § 2252(a)(4)(B) and (b)(2) |
| ) | Conspiracy to Possess and Access with |
| ) | Intent to View |
| ) | (Count 3) |
| ) | |
| ) | 18 U.S.C. § 2253 |
| ) | Criminal Forfeiture |

SUPERSEDING INDICTMENT

July 2015 Term -- at Alexandria, Virginia

COUNT ONE

(Conspiracy to Produce Child Pornography)

THE GRAND JURY CHARGES THAT:

1. From in or about January 2013 to in or about November 2014, within the Eastern District of Virginia and elsewhere, the defendants ANTHONY R. EVANS, JAMES E. HANCOCK, BRIAN K. HENDRIX, STEPHEN R. FUNK, and KARLO HITOSIS, together with other members of WEBSITE A and WEBSITE B known and unknown to the grand jury, knowingly and willfully conspired and agreed with each other and others to knowingly employ,

1

use, persuade, induce, entice, and coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and the defendants knew, or had reason to know, that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and that such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

## Object of the Conspiracy

2. The object of the conspiracy was to employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct for the purpose of transmitting live visual depictions of such conduct, producing videos of such conduct, and receiving, distributing, possessing, and accessing with intent to view visual depictions of such conduct. Specifically, the object of the conspiracy was to lure children to two websites that were controlled and monitored by members of the conspiracy and trick the children into engaging in sexually explicit conduct on web camera while viewing and recording the children.

## Manner and Means of the Conspiracy

3. During in or about 2013 and 2014, ANTHONY R. EVANS, working with others known and unknown to the grand jury, created and maintained two websites, WEBSITE A and WEBSITE B. Both websites had a public portion that allowed individuals to communicate through text chats and web cameras. Both websites also had a restricted portion that allowed

members of the websites to communicate in a private chat room. EVANS and others known and unknown to the grand jury determined who was allowed to be a member of the websites with restricted access and moderated the websites, which required a username and password.

4. During 2013 and 2014, defendants ANTHONY R. EVANS, BRIAN K. HENDRIX, and STEPHEN R. FUNK accessed restricted portions of WEBSITE A and WEBSITE B; defendant KARLO HITOSIS accessed restricted portions of WEBSITE A; and defendant JAMES E. HANCOCK accessed WEBSITE A and WEBSITE B.

5. Members of the websites lured children from other public social media websites to WEBSITE A and WEBSITE B in order to engage the targeted children in online chats. Members of the websites referred to this as "linking."

6. In entering WEBSITE A or WEBSITE B, a targeted child was linked into a room to chat with members through text and web camera. During these chats, members requested that the minor engage in sexually explicit conduct on web camera. At times, members played a pre-recorded video of another minor doing the same or similar activity, making it appear as though the member was also a minor engaging in sexually explicit conduct. Members referred to the pre-recorded videos of minors that they used to coax a targeted child as "loops."

7. Members on both the public and private portions of the websites viewed, in real-time, live web camera footage of minors engaging in sexually explicit conduct that were transmitted and produced on WEBSITE A or WEBSITE B.

8. Live web camera footage was secretly recorded on WEBSITE A, and members with restricted access to the private portion of WEBSITE A could earn the privilege of downloading the videos based on their contributions to the WEBSITE, including their level of "linking," "looping," and chatting.

9. Between in or about 2013 and 2014, defendants ANTHONY R. EVANS, JAMES E. HANCOCK, BRIAN K. HENDRIX, STEPHEN R. FUNK, and KARLO HITOSIS joined and participated in rooms on WEBSITE A in which members were persuading minors to engage in sexually explicit conduct over web camera video. Defendants ANTHONY R. EVANS, BRIAN K. HENDRIX, and KARLO HITOSIS downloaded child pornography videos created on WEBSITE A or B to their personal digital media.

10. To accomplish their goals, members of the websites communicated with each other online and shared details on playing "loops," "linking," and tricking children into engaging in sexually explicit conduct on web camera, which they referred to as a "win."

(In violation of Title 18, United States Code, Sections 2251(a) & (e).)

## COUNT TWO

(Conspiracy to Distribute and Receive Child Pornography)

THE GRAND JURY CHARGES THAT:

11.     The factual allegations contained in Paragraphs 2 through 10 are realleged and incorporated by reference here.

12.     From in or January 2013 to in or about November 2014, within the Eastern District of Virginia and elsewhere, the defendants ANTHONY R. EVANS, JAMES E. HANCOCK, BRIAN K. HENDRIX, STEPHEN R. FUNK, and KARLO HITOSIS, together with other members of WEBSITE A and WEBSITE B known and unknown to the grand jury, knowingly and willfully conspired and agreed with each other and others to knowingly receive and distribute any visual depiction using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials that had been so mailed, shipped and transported, by any means including by computer, and knowingly reproduced any visual depiction for distribution using any means and facility of interstate and foreign commerce, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, and the defendants knew that the depiction involved a minor engaged in sexually explicit conduct.

Specifically, the defendants knowingly conspired to (i) download to their personal digital media, one or more videos depicting minors engaging in sexually explicit conduct that were transmitted or produced through Website A or B; and (ii) view one or more visual depictions of minors engaging in sexually explicit conduct that were transmitted or produced through live web

camera on Website A or B with knowledge that such depictions would be saved to his personal digital media or otherwise come into his possession.

(In violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).)

## COUNT THREE

(Conspiracy to Possess and Access with Intent to View Child Pornography)

THE GRAND JURY CHARGES THAT:

13. The factual allegations contained in Paragraphs 2 through 10 are realleged and incorporated by reference here.

14. From in or about January 2013 to in or about November 2014, within the Eastern District of Virginia and elsewhere, the defendants ANTHONY R. EVANS, JAMES E. HANCOCK, BRIAN K. HENDRIX, STEPHEN R. FUNK, and KARLO HITOSIS, together with other members of WEBSITE A and WEBSITE B known and unknown to the grand jury, knowingly and willfully conspired and agreed with each other and others to knowingly possess and access with intent to view one or more books, magazines, periodicals, films, video tapes, and other matter, which contain any visual depiction that has been mailed and has been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and which was produced using materials which have been mailed and so shipped and transported by any means including by computer, and the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, and the defendants knew that the depiction involved a minor engaged in sexually explicit conduct:

Specifically, the defendants knowingly conspired to (i) possess on their personal digital media, one or more videos depicting minors engaging in sexually explicit conduct that were transmitted or produced through Website A or B; and (ii) access Website A or Website B with intent to view one or more visual depictions of minors engaging in sexually explicit conduct that

were transmitted or produced through live web camera on those websites.

(In violation of Title 18, United States Code, Sections 2252(a)(4)(B) & (b)(2).)

## CRIMINAL FORFEITURE

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendants ANTHONY R. EVANS, JAMES E. HANCOCK, BRIAN K. HENDRIX, STEPHEN R. FUNK, and KARLO HITOSIS are hereby notified:

A. Upon conviction of one or more of the violations alleged in Counts One, Two and Three of this Indictment, the Defendant shall forfeit to the United States:

1. Any and all matter which contains child pornography or any visual depiction of sexually explicit conduct described in Title 18, United States Code, Sections 2251 or 2252, produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 *et seq.*;

2. Any property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251 *et seq.*;

3. Any property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 *et seq.*, and any property traceable to such property.

B.  The property subject to forfeiture includes, but is not limited to, the following items seized from the defendants:

1.  The digital media devices seized from ANTHONY R. EVANS on March 11, 2015.

2.  The digital media devices seized from JAMES E. HANCOCK on January 22, 2015.

3.  The digital media devices seized from BRIAN K. HENDRIX on January 22, 2015.

3.  The digital media devices seized from STEPHEN R. FUNK on May 27, 2015.

4.  The digital media devices seized from KARLO HITOSIS on June 9, 2015.

C.  If property subject to forfeiture is not available, the government may seek an order forfeiting substitute assets.

(In accordance with Title 18, United States Code, Section 2253 & Title 21, United States Code, Section 853(p).)

A TRUE BILL:

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.*

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Tracy Doherty-McCormick
Assistant United States Attorney
Lauren Britsch
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314

Ravi Sinha, Trial Attorney
United States Department of Justice
    Child Exploitation and Obscenity Section