IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____

UNITED STATES OF AMERICA

    V.                                                                               Criminal No: 1:15-CR-172
                                                                                 Hon. T.S. Ellis, III

STEPHEN R. FUNK,.
        Defendant.

_____

DEFENDANT'S POSITION ON SENTENCING

       Comes now Defendant Stephen Funk, by counsel, and states that he has no objection to the Pre Sentence Investigation Report ("PSIR").

       The particulars of this case impel a sentence well below the Guideline recommendation.

a. The Court's Sentencing Discretion

       *Booker* has vested sentencing courts with nearly plenary discretion. *United States v. Booker*, 543 U.S. 220, 258-60 (2005). A non Guideline sentence is allowed not only when the Guidelines fail properly to reflect the sentencing considerations delineated in Sec. 3553(a), but also when the Guidelines reflect "unsound judgment" or even when "the case warrants a different sentence regardless." *Rita v. United States,* 551 US 338, 351, 357 (2007). In fact, "the Guidelines are not only not mandatory on sentencing courts, they are not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, ___ (2009); *see also, Rita, 551 U.S.* at 350.

The Supreme Court no longer even requires specific mitigating factors to justify a variance below the Guidelines – the district court's subjective disagreement with the Guidelines suffices.

> "[E]ven when a particular defendant… presents no special mitigating circumstances – no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range… The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines…

*Spears v. United States*, 555 U.S. 261, 263-64 (2009) (*per curiam)* (internal quotations and citations omitted).

Fundamentally, the grounds for a variance are now bounded only by reasonableness.

> "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in Sec. 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.

*United States v Jones*, 460 F. 3d 191 (2nd Cir. 2006).

b. <u>Reasons Compelling a Downward Variance</u>

   1. <u>Plea Agreement</u>

First and foremost, the parties have agreed that Defendant's crime calls for a sentence below the Guideline recommendation. The Government, the entity that conducted the investigation of the conspiracy, has decided that a sentence of not more than 22 years

befits Defendant.  Moreover, the parties should be able to rely on the implementation of their agreement – not only for their own sakes, but also in deference to the judicial economy served by the many agreements resolving criminal cases before this Court.

2. Defendant's Criminal History

The antecedent sex offense which compels Defendant's 15 year mandatory minimum sentence and catapults him two Criminal History categories, begot only a sentence of suspended time.  PSIR 9, 51.  He served the entirety of that suspended time, five years, not because he could not avoid minors, but because he could not avoid marijuana.  PSIR 51.  In essence, he served five years simply for smoking marijuana – a draconian punishment that augurs against a Guideline sentence here.

3. Considerations of Equity

Adults who prey on children need to be punished because they need to be stopped.  Nonetheless, every defendant is entitled to consideration of the context of his offense.

The unsettling pattern revealed in the chat logs of this conspiracy is that a disturbing number of children are willing, with alacrity and little encouragement, to remove their clothes for total strangers.  The anonymity and detachment of internet acquaintance is partly to blame.  The impulse, however, needs to come from somewhere.  Certainly, the blandishments of Defendant and his co-conspirators provided the immediate cause, but many of the victims appeared to be unwholesomely sexualized before they met our malefactors.

Popular culture bombards everyone, but especially our children who are most susceptible to it, with the message that promiscuity equals fulfillment and independence.  The openness that first passed as refreshing candor has become a degrading coarseness that

leaves unspoken no aspect of the human condition. This coarseness touches everyone, not just the victims, but their predators as well. Both can be seen, to some extent, as the products of an environment that celebrates a lack of restraint.

Restraint is the cousin of respect and a lack of either is almost never a good thing. Discussions become fights; a civilized drink becomes a binge, etc. This is especially true of an impulse that ranks, barely, behind the urge to breathe. Imagine nuclear fission without containment vessels.

Suffuse a society with sex and you will see deviance – witness our conspirators. Consider, though, whether and how far they would have transgressed in an age of greater restraint.

## Conclusion

21 years will more than meet the needs of justice.

Respectfully submitted,

STEPHEN FUNK
By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, VA 22314
Phone: 703-739-0009
Email: john@johnckiyonaga.com

Counsel for Stephen Funk

## Certificate of Service

I hereby certify that the foregoing was filed with the Court electronically this 24 March, 2016 with consequent service on counsel for all parties hereto.

_____/s/_____
John C. Kiyonaga

4